# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY HAYES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| OFFICER DARNELL MCGEE, OFFICER JAMES O'ROURKE, SERGEANT KENNETH DAVENPORT, LIEUTENANT TIMOTHY O'CONNOR, and GARY GEMME, Chief of Police, in their individual capacities, MICHAEL V. O'BRIEN, City Manager, and CITY OF WORCESTER | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 10-40095-FDS |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON
## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S COMPLAINT

This civil rights action arises out of an alleged encounter between plaintiff Anthony Hayes and defendant Darnell McGee. On March 1, 2007, McGee, an officer in the Worcester Police Department, allegedly struck Hayes in the head with a flashlight in the course of executing a search warrant. Hayes contends that the injury he suffered resulted from a policy and custom of the Worcester Police Department that condoned the use of excessive force. His complaint asserts claims under 42 U.S.C. § 1983 and several state law claims.

Defendants have filed a motion to strike plaintiff's complaint in its entirety for failure to comply with Federal Rules of Civil Procedure 8(a), 8(d), and 10(b). In the alternative, defendants have moved for a more definite statement under Rule 12(e). For the following reasons,

defendants' motion to strike plaintiff's complaint will be denied, and defendants' motion for a more definite statement will be granted.

I.      **Procedural History**

Hayes filed a seven-count complaint in Worcester Superior Court on February, 26, 2010.[1] Defendants timely removed the case to this Court under 28 U.S.C. §§ 1441(a) and (b). The complaint asserts a claim under 42 U.S.C. § 1983 against all defendants alleging constitutional violations arising out of a City of Worcester policy of not investigating or disciplining officers for incidents of violence. Against defendants McGee, O'Rourke, Davenport, and O'Connor, Hayes asserts a claim for "conspiracy" and a claim under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I. The complaint also asserts a supervisory liability claim against defendants Gemme, O'Connor, O'Brien, and Davenport, and a municipal negligence claim against the City of Worcester. Finally, the complaint asserts claims for assault and battery and intentional infliction of emotional distress against McGee.

Defendants have moved to strike the entire complaint pursuant to Rule 12(f) on the ground that it fails to provide a "short and plain statement of the claim[s]" and that the allegations are not "simple, concise, and direct," as required by Rules 8(a)(2) and (d)(1).[2] Defendants further support their motion by contending that the complaint violates Rule 10(b)'s requirement that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . .

---

[1] Plaintiff filed his first amended complaint in Worcester Superior Court on April 29, 2010.

[2] Defendants' motion to strike plaintiff's complaint in fact contends that the complaint violates Rule 8(e) for failure to draft pleadings in a "simple, concise, and direct" manner. The Court presumes, however, that defendants intend to argue that the complaint violates Rule 8(d)(1), from which defendants quote, rather than Rule 8(e), which states that "[p]leadings must be construed so as to do justice." *Compare* Fed. R. Civ. P. 8(d)(1) *with* Fed. R. Civ. P. 8(e).

2

must be stated in a separate count." In the alternative, defendants have moved under Rule 12(e) for a more definite statement on the ground that they cannot frame a responsive pleading based on the complaint as filed by the plaintiff. Fed. R. Civ. P. 12(e).

## II. <u>Analysis</u>

Under Rule 12(f), a party may move to strike "from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is "designed to reinforce the requirement in [Rule 8(d)(1)] that pleadings be simple, concise, and direct." 5C CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER"), §1380 at 391 (2004).[3] Thus, a pleading that violates the principles of Rule 8 may be struck "within the sound discretion of the court." *Newman v. Massachusetts*, 115 F.R.D. 341, 343 (D. Mass. 1987) (internal quotation and citation omitted).

That discretionary power should nonetheless be exercised cautiously. "Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." 5C WRIGHT & MILLER, §1380 at 394 (2004); *see also Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir. 1985) ("[S]uch motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion."). Furthermore, motions to strike are rarely granted absent a showing of prejudice to the moving party. *See Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*,

---

[3] Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) replaced the former Rule 8(e), and states that "[e]ach allegation must be simple, concise, and direct." The purpose of Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

182 F.R.D. 386, 398 (D.R.I. 1998) ("Mere redundancy is insufficient to support a motion to strike; the movant must demonstrate that prejudice would result if the offending material remained in the pleadings.").

Under Rule 12(e), a "party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[C]ourts have asserted that Rule 12(e) motions should be addressed not to a lack of detail but rather to unintelligibility which thereby prevents the movant from 'determin[ing] the issues he must meet.'" *Hilchey v. City of Haverhill*, 233 F.R.D. 67, 69 (D. Mass. 2005) (quoting *Haghkerdar v. Husson Coll.*, 226 F.R.D. 12, 14 (D. Me. 2005)).

In the present case, defendants contend that the complaint is excessively detailed and contains apparent references to prior cases not relevant to the factual allegations at hand. Defendants protest that they cannot parse the specific allegations that concern the plaintiff in this case as opposed to other plaintiffs in other, decades-old, cases. Among other things, defendants point to: (1) an allegation setting forth the City of Worcester's answer to an interrogatory in another case that fails to identify the case in which the answer was allegedly given (Compl. ¶ 34); (2) allegations referring to a prior incident involving McGee that is labeled as the "PE Incident," without identifying the complainant in that case (Compl. ¶¶ 79-93); (3) allegations referring to cases from the mid-1980s that lack an apparent connection to the defendants in this case (Compl. ¶¶ 94-119); and (4) allegations referring to incidents involving John Does 1 through 4 that lack sufficient detail to permit defendants to identify the complainants in those cases (Compl. ¶¶ 292-328).

Plaintiff's complaint is undoubtedly verbose, meandering, and, at times, vague.

Nonetheless, the application of Rule 12(f) is not appropriate in this case. As noted above, motions to strike are disfavored and typically require a "gross violation" of Rule 8's pleading requirements. *Newman*, 115 F.R.D. at 343-44. Defendants have failed to establish sufficient prejudice to warrant the drastic remedy of striking the complaint in its entirety.

On the other hand, portions of the complaint do not provide defendants with sufficient context or notice to enable them to frame a responsive pleading. The allegations detailed above concerning past conduct, in some instances dating back twenty years and involving individuals who are not named as defendants, are either unintelligible or untethered to the allegations related to the plaintiff in this case. Defendants' motion for a more definite statement under Rule 12(e) will therefore be granted in order to enable defendants to prepare a responsive pleading.

The Court notes, however, that to the extent the complaint contains allegations concerning other individuals and past events, they are not necessarily pointless or superfluous. Among the claims asserted in the complaint is a § 1983 claim against a municipality. To prevail on his municipal liability claim, plaintiff must show that the alleged torts were committed as part of the municipality's "policy" or "custom." *See Monell v. Department of Soc. Serv. of N.Y.*, 436 U.S. 658, 690-91 (1978). Under the circumstances, the Court does not believe that the inclusion of these additional details is so improper as to require that the allegations be struck. The allegations must, however, be pleaded in a manner such that defendants can reasonably respond.

### **III.     Conclusion**

For the foregoing reasons, defendants' motion to strike plaintiff's complaint is DENIED, and defendants' motion for a more definite statement is GRANTED. Plaintiff is hereby directed to provide a more definite statement with respect to the allegations set forth in paragraphs 34, 79

through 93, 94 through 119, and 292 through 321 of the complaint.  Plaintiff must accordingly file an amended complaint within 21 days of the issuance of this order.

**So Ordered.**

        /s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  January 6, 2011