UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 10-40095-FDS

| | |
|---|---|
| ANTHONY HAYES, | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| P.O. DARNELL McGEE, P.O. JAMES | ) |
| O'ROURKE, SGT. KENNETH | ) |
| DAVENPORT, LT. TIMOTHY | ) |
| O'CONNOR and GARY GEMME, Chief | ) |
| of Police, in their individual capacities and | ) |
| MICHAEL V. O'BRIEN, City Manager, | ) |
| and the CITY OF WORCESTER, | ) |
|     Defendants | ) |

## DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDERS FOR THE DEPOSITIONS OF CHIEF GEMME AND CAPTAIN O'ROURKE

Now come Defendants Darnell McGee, James O'Rourke, Kenneth Davenport, Timothy O'Connor, Gary Gemme, Michael V. O'Brien and City of Worcester, and jointly move, on an emergency basis given the short time period, pursuant to Fed. R. Civ. P. 26(c) for a protective order restricting the location, scope and means of recording the depositions of Captain Jeremiah O'Rourke and Chief Gary Gemme of the Worcester Police Department, which are currently scheduled to take place on Thursday, March 15, 2012, and Monday, March 19, 2012, respectively, at the Law Office of Hector E. Pineiro, Plaintiff's counsel, 807 Main Street, Worcester, MA.  (See notices attached as Exhibit 1.)

> Fed. R. Civ. P. 26(c) provides that, upon a showing of good cause, the presiding court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."

Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003).

As a showing of good cause, Defendants state the following.

This case concerns Plaintiff's allegations that excessive force was used in the course of his September 1, 2007 arrest by Worcester police officers, pursuant to the execution of a search warrant for cocaine and drug paraphernalia at 5 Sycamore Street, Worcester, MA, of which Plaintiff was the target.  Plaintiff has sent Defendants' counsel notices of deposition for Captain O'Rourke, head of the Worcester Police Department Bureau of Professional Standards, and Chief Gemme, Chief of Police, presumably to question them regarding the Monell claim in Plaintiff's suit.

This present dispute regarding the depositions arose because Chief Gemme and Captain O'Rourke expressed safety concerns in attending depositions in Plaintiff's counsel's office. Defendants' counsel made reservations for space in Worcester City Hall, and made the request to Plaintiff's counsel to relocate the depositions there, or to an alternate, mutually agreeable location.  Plaintiff's counsel refused this request and further indicated in response that he now intended to videotape the depositions.  (See email correspondence, attached hereto as Exhibit 2.) As counsel for Plaintiff's unwillingness to compromise on the location and planned use of video recording devices for the depositions appears to be an effort to annoy, embarrass, oppress or cause undue burden to Defendants, Defendants now seek protective orders as indicated below as to the place of the depositions, the scope of the questioning and the means of recording the depositions.

**1.     Place of depositions**

Chief Gemme has various safety concerns in attending a deposition at Plaintiff's counsel's office, which stem from Attorney Pineiro personally suing Chief Gemme with regard to application for a license to carry firearms, see Pineiro v. Gemme, Worcester District Court No.

201062CV003795, Pineiro v. Gemme, Worcester District Court No. 201162CV001493, and Pineiro v. Gemme, U.S. District Court No. 10-4026-FDS, criminal investigations by the Worcester Police Department of Attorney Pineiro's son, also named Hector E. Pineiro (Pineiro), and Attorney Pineiro's exhibited personal animus towards Chief Gemme. (See Affidavit of Chief Gemme, attached as Exhibit 3.) Captain O'Rourke has similar concerns, which are in part derived from the animosity exhibited toward Chief Gemme, the location of the Pineiro Law Office, the recent release on bail of Attorney Pineiro's son, and his position as head of the Bureau of Professional Standards, which conducts the internal investigations of police officers. (See Affidavit of Captain O'Rourke, attached as Exhibit 4.) The bases for these concerns are described in further detail below.

In connection with the firearms litigation, Attorney Pineiro cites in his complaint, filed in federal district court, numerous instances of criminal activity surrounding his office, located at 807 Main Street, Worcester, Massachusetts. Attached to his complaint, No. 10-CV-40262-FDS, as Document 1-10, Attorney Pineiro discusses in detail attempts at breaking into the office and the criminal activity that surrounds his office in the Main South neighborhood, as reasons why he needs a license to carry firearms. (See letter attached hereto as Exhibit 5.) Given the legal parameters, Attorney Pineiro was granted an unrestricted license to carry a firearm, and is presumably in possession of a firearm at his office for his stated purpose. (Exh. 3, ¶ 6.)

Chief Gemme is also head of the police department that has investigated Attorney Pineiro's son for violent crimes. His son was injured during an armed home invasion at Attorney Pineiro's home in May 2010, which Attorney Pineiro discusses in his correspondence to Chief Gemme. (See Exhibit 5.) On March 16, 2011, Attorney Pineiro's son was arrested by Worcester police on drug and unlawful possession of a firearm charges when they stopped a vehicle that

matched the description of a vehicle used in a shooting on March 11, 2011; the vehicle was owned by Attorney Pineiro and the weapon in the vehicle was loaded and readily accessible to his son while he was operating the vehicle. (Exh. 3, ¶ 7.) Moreover, a bullet was lodged in the door of Attorney Pineiro's vehicle. Id. Following this arrest, Pineiro was held without bail on a dangerousness petition. Id. Pineiro was also charged in connection with a shooting in Fitchburg in January 2011. Id. Pineiro was recently released on January 25, 2012, subject to electronic monitoring, on bail posted by Attorney Pineiro, to Attorney Pineiro's home. (Exh. 3, ¶ 11.) The violent nature of Attorney Pineiro's son's charged offenses and the propensity for violence surrounding Attorney Pineiro's family and office is a safety concern for Chief Gemme and Captain O'Rourke that they will also be targeted and at risk at a deposition at Attorney Pineiro's office. (Exhs. 3 and 4.)

Attorney Pineiro has exhibited personal animus toward Chief Gemme, as shown in a letter dated April 11, 2011, following the suspension of Attorney Pineiro's license to carry firearms, pending an investigation into his connection with his son's criminal activity, following Pineiro's arrest driving Attorney Pineiro's vehicle. (Exh. 3, ¶ 8, Attachment A.) In the letter, Attorney Pineiro calls Chief Gemme "vindictive and retaliatory" and indicates his perception that this is in response to his "willingness to exercise [his] Second Amendment rights of self defense and the numerous lawsuits that I have filed against you for failing to supervise and discipline Worcester cops." Id. (Emphasis added.) In making this statement, Attorney Pineiro emphasizes his view that he is personally filing lawsuits against Chief Gemme, rather than on behalf of clients, for alleged police misconduct, as in the instant matter. (Exh. 3, ¶ 8.) Attorney Pineiro's personal animosity is further evident in recent email correspondence dated March 12, 2012, in

4

which Attorney Pineiro refers to him as "King Gemme." (See Exh. 2.)    This attitude toward Chief Gemme does not allay safety concerns, but reinforces them. (See Exhibits 3 and 4.)

Further, Attorney Pineiro's flat rejection of Defendants' request for a change of venue of the depositions is a cause for concern that Attorney Pineiro has developed a conflict of interest in this litigation, where his own interests and animosity toward Chief Gemme appear to be interfering with the efficient administration of justice, and creating litigation over a simple request of change of deposition location, in violation of Massachusetts Rules of Professional Responsibility 1.7(b) ("A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's own interests …."); see also Comments [4] ("[l]oyalty to a client is also impaired when a lawyer cannot consider, recommend or carry out an appropriate cause of action for the client because of the lawyer's other responsibilities or interests ….") and [15] ("[w]here the conflict is such as clearly to call in the question the fair or administration of justice, opposing counsel may properly raise the question."). Thus, Defendants' request for change of venue for the depositions should be granted.

**2.    Scope of depositions**

Considering the animosity from Attorney Pineiro that has been exhibited thus far in connection with the depositions, Defendants proactively seek a protective order limiting the scope of the questioning at the depositions to the alleged incident that forms the basis of Plaintiff's Complaint, Plaintiff's arrest on March 1, 2007, the alleged use of excessive force, and the internal investigation related to that alleged incident. Defendants further acknowledge that Chief Gemme and Captain O'Rourke may also be questioned as a basis for a <u>Monell</u> claim regarding any past incidents of use of excessive force by the officers present when the alleged use of excessive force occurred, Officers Darnell McGee, Kenneth Davenport and Larry

Williams. In the most recent deposition of Captain O'Rourke in connection with <u>Warren v. Rojas et al.</u>, U.S. District Court No. 09-40127-FDS, Attorney Pineiro questioned Captain O'Rourke extensively about rumors he had heard regarding police officers who were not defendants in the suit, and about seemingly every alleged bad deed of Worcester police officers about which Attorney Pineiro purportedly had information, without an evident connection to Captain O'Rourke's duties as head of the Bureau of Professional Standards or the underlying suit. Defendants anticipate similar questions in the upcoming depositions of Captain O'Rourke and Chief Gemme in this case. However, deposition questions should be limited to avoid improper inquiry into unrelated areas that have nothing to do with the underlying suit or the conduct of the involved officers, questions regarding the deponents' family members, or topics intended to harass, annoy or intimidate.

      **3.**     **Means of recording depositions**

Defendants recognize that, pursuant to Fed. R. Civ. P. 30(b)(3), for a deposition, "with prior notice to the deponent … any party may designate another method for recording the testimony in addition to that specified in the original notice." However, Defendants request the court to restrict the taking of these depositions to stenographic recording under the particular circumstances of these depositions. As stated, Plaintiff only provided notice of the proposed video recording in response to Defendants' request to change the location of the depositions, in a thinly veiled attempt at retribution for the venue change request. (See Exh. 2.) Further, the video recording of their images causes a privacy concern for Chief Gemme and Captain O'Rourke. (See Exhs. 3 and 4.) As members of the police department, video images can compromise their personal safety, and may be subject to release, with a touch of a keyboard, to the internet with today's technology. Although there is a general protective order in place in this

case, Attorney Pineiro's firm has been sanctioned in the past by the District Court for failure to comply with protective orders, see <u>Betancourt v. Grady et al.</u>, C.A. No. 05-40154-FDS, Document No. 54.  Further, as shown by recent filings by Plaintiff in this case, see, e.g. Document No. 32-2, which are police records stamped "Scanned" with key words, and appear to be maintained by Plaintiff's counsel in a database, are copies of documents that were produced, in redacted form, by the City of Worcester in connection with this litigation, and subject to the protective order, and raise questions of a protective order violation in this case.  Thus, Plaintiff's counsel's late notice of the video recording, the privacy concerns of the deponents and Plaintiff's counsel's failure to guard protected information reveal the attempt to harass, annoy or intimidate the deponents and form a basis for restricting the depositions to stenographic recordings only.

WHEREFORE, Defendants hereby move to this Court for protective orders restricting the place, scope and means of recording the depositions of Captain O'Rourke and Chief Gemme on March 15 and 19, 2012.

                                                    DARNELL MCGEE
                                                    JAMES O'ROURKE
                                                    KENNETH DAVENPORT
                                                    TIMOTHY O'CONNOR
                                                    GARY GEMME
                                                    MICHAEL V. O'BRIEN and
                                                    CITY OF WORCESTER
                                                    By their attorneys,

                                                    David M. Moore
                                                    City Solicitor

                                                    */s/ Wendy L. Quinn*
                                                    Wendy L. Quinn (BBO #653954)
                                                    Assistant City Solicitor
                                                    City Hall, Room 301
                                                    455 Main Street
                                                    Worcester, MA 01608
                                                    Telephone: (508) 799-1161
                                                    quinnwl@worcesterma.gov

CERTIFICATE OF LOCAL RULE 7.1 AND FED. R. CIV. P. 26(c) CONFERENCE

I, the undersigned, hereby certify that Defendants' counsel corresponded via email with Plaintiff's counsel in a good faith attempt to resolve or narrow the issues presented by this Motion, but were unable to do so.

/s/ Wendy L. Quinn
Wendy L. Quinn
Assistant City Solicitor

CERTIFICATE OF SERVICE

I, Wendy L. Quinn, hereby certify that, on this 13th day of March, 2012, the within Defendants' Emergency Motion for Protective Orders for the Depositions of Chief Gemme and Captain O'Rourke was served upon all counsel of record through this Court's electronic filing system as identified on the Notice of Electronic Filing.

/s/ Wendy L. Quinn
Wendy L. Quinn
Assistant City Solicitor