UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY HAYES,<br>        Plaintiff,<br><br>v.<br><br>P.O. DARNELL MCGEE,<br>P.O. JAMES O'ROURKE,<br>SGT. KENNETH DAVENPORT,<br>LT. TIMOTHY O'CONNOR,<br>GARY J. GEMME, Chief of Police,<br>MICHAEL V. O'BRIEN, City Manager, and<br>THE CITY OF WORCESTER,<br>        Defendants. | CIVIL ACTION<br>NO. 10-40095-TSH |

### FINAL ORDER ON DEFENDANTS' MOTION TO SEAL AND IMPOUND DOCUMENTS 42 AND 47 (Docket No. 49)
**August 23, 2012**

**HILLMAN, D.J.**

### Discussion

On August 3, 2012, I entered an interim Order on Defendants' Motion To Seal And Impound Documents 42 and 47,[1] in which I ordered that the parties consult to determine whether they could agree as to whether any information contained in those documents should be designated "confidential information". *See Order on Defendants' Motion To Seal And Impound Documents 42 and 47 (Docket No. 49)* (Docket No. 54)("*Interim Order*"). I further Ordered that on or before August 20, 2012, either the Plaintiff file amended versions of Docket Nos. 42 and

---

[1] Documents No. 42 and 47 were submissions filed by the Plaintiff, Anthony Hayes, in connection with his opposition to Defendants' motion to quash the deposition subpoena of Lt. Jane McGrath and his objection to this Court's allowance of that motion.

47 in which any designated "confidential information" be redacted, or the parties jointly inform the Court in writing that no agreement has been reached. The parties have failed to comply with that Order. Furthermore, neither party has sought leave from the Court for additional time to comply. Therefore, the Defendants' motion to seal and impound is ripe for ruling.

I have set forth the applicable legal precedent in the *Interim Order*. Under the circumstances, I find that the Defendants have failed to satisfy their burden of establishing that Documents No. 42 and 47 contain confidential information subject to the parties' protective order. Therefore, the documents shall be unsealed.

## Conclusion

For the foregoing reasons, the Defendants' Motion To Seal and Impound Documents 42 and 47 (Docket No. 49) is *denied* and the Clerk is directed to unseal Docket Nos. 42 and 47.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
DISTRICT JUDGE