UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY HAYES,<br>            Plaintiff<br><br>     v.<br><br>P.O. DARNELL McGEE, P.O. JAMES,<br>O'ROURKE, SGT. KENNETH<br>DAVENPORT, LT. TIMOTHY<br>O'CONNOR and GARY GEMME, Chief<br>of Police, in their individual capacities and<br>MICHAEL V. O'BRIEN, City Manager,<br>and the CITY OF WORCESTER,<br>            Defendants. | CIVIL ACTION<br>No. 10-40095-TSH |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO CONTINUE IMPOUNDMENT, DESTROY OR TRANSFER TO DEFENDANTS CUSTODY OF DOCUMENT NO. 41  (Docket No. 104 )**
**January 13, 2014**

**Introduction**

Plaintiff, Anthony Hayes ("Hayes" or "Plaintiff"), filed an action against the Defendants alleging claims under and/or for violation of: 42 U.S.C. § 1983 for violation of his civil rights (Count 1); the Massachusetts Tort Claims Act, Mass.Gen.L. ch. 258 (Count 2); conspiracy (Count 3); assault and battery (Count 4); supervisory liability (Count 5); violation of the Massachusetts Civil Rights Act, Mass.Gen.L. ch. 12, §11I[1]; and intentional infliction of emotional distress (Count 7).   On February 22, 2013, the parties reported to the Court that the case had settled and the Court issued an Order of dismissal that same date (Docket No. 101). On April 26, 2013, the parties filed a Stipulation of Dismissal (With Prejudice)(Docket No. 102).

---

[1]  The Complaint actually states that Hayes was filing a claim under Mass.Gen.L. ch. 112, §11IM; Chapter 112 deals with the registration of professional corporations.

On May 21, 2013, the court issued an order pursuant to Local Rule 7.2[2] that all materials filed in the case pursuant to a protective, confidentiality or impoundment order would be entered into the public file unless a motion regarding the future custody of the documents was filed with the Court within twenty days. *See Electronic Order* (Docket No. 103). On June 10, 2013, Defendants' Motion To Continue Impoundment, Destroy Or Transfer To Defendants Custody Of Document No. 41 (Docket No. 104) was filed. By that motion, Defendants seek to continue impoundment of, or the destruction or return of documents filed under seal by the Plaintiff as Docket entry No. 41; the documents had been provided to Plaintiff by the Defendants during discovery subject to a protective order entered into by the parties. Plaintiff has filed an opposition to the motion in which he argues in favor of transferring the materials to the public file.

## Facts Relevant To Defendants' Motion

Plaintiff's Complaint alleged that on March 1, 2007, members of the Worcester Police Department were engaged in a raid upon an apartment in which Plaintiff was located. During the course of the raid, Plaintiff was allegedly struck by one of the Defendants with a flashlight and was injured. Other officers witnessed the alleged assault. On April 29th, 2010, Plaintiff brought suit for tortuous conduct and infringement of Constitutional rights on the part of the officers and their superiors individually and in their capacity as supervisors. *See First Amended Complaint And Request For Jury Trial* (Docket No. 11).

---

[2] LR, D.Mass., 7.2 provides that when a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impoundment may be lifted, or a statement-- supported by good cause-- that the material should be impounded until further order of the Court. If the impoundment order provides a cut-off date but no arrangements for custody, the clerk (without further notice) shall place the material in the public file upon expiration of the impoundment period. If the order provides for post-impoundment custody by counsel or the parties, the materials must be retrieved immediately upon expiration of the order, or the clerk (without further notice) shall place the materials in the public file. *Id.*

On July, 27, 2011, the parties filed an assented to motion for a protective order (Docket No. 17)("Protective Order"), which was granted by the Court on August 1, 2011. (Docket No. 18). The Protective Order covered:

> documents containing Criminal Record Information ("CORI"); copies of any and all documents generated by the Bureau of Professional Standards, formerly known as the Internal Affairs Division, including but not limited to all logs, journals, investigative reports, witness statements, records of complaints, complaint related dispositions, disciplinary records, data compilations, and related documents; copies of any and all documents pertaining to medical and/or psychological treatment; and personnel files.

*Protective Order*, at p. 1. The Protective Order further provided that the parties could, by agreement, designate that additional documents be subject to its terms.

Additionally, the Protective Order set forth the parties obligations regarding such documents:

[1.]   Plaintiff shall not disclose any documents or confidential information subject to this Protective Order and the documents and confidential information contained therein shall not be used for any purpose other than in connection with the preparation for trial and litigation of this case. Furthermore, all documents subject to this Protective Order that are filed with the Court shall not be filed electronically, and a motion and/or request to impound or seal said documents shall accompany such a filing.

[2.]   Documents and information designated as confidential may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; persons who are working for counsel to the extent reasonably necessary to render professional services in the litigation; persons with prior knowledge of the documents or of the confidential information contained therein; to parties or representatives of the parties who are assisting in the conduct of the litigation; and to court officials involved in this litigation, including court reporters, stenographers, and special masters. Such documents may also be disclosed:

    a.   to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    b.   to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; **provided**, however, that in all such cases the individual to

>       whom disclosure is to be made has [agreed to be bound by the terms of the
>       Protective Order].

*Id.*, at p. 2.

On February 22, 2012, Defendants filed a motion to quash the deposition subpoena of Worcester Police Officer Paul Noone, Jr. *See Defs' Emergency Mot. To Quash Depos. Subpoena of Paul W. Noone, Jr.* (Docket No. 30).  On March 7, 2012, Plaintiff filed an opposition to that motion to which he attached numerous exhibits.  On March 8, 2012, Plaintiff filed a motion to file Exhibit 3 to his opposition under impoundment. *See Plaintiff's Mot. For Impoundment* (Docket No. 33).  Plaintiff's motion suggested that the impoundment terminate at such time as the Court may determine; it made no provision for custody should the Court determine that the impoundment should continue.  *Id*.  The Court (Saylor, D.J.) allowed Plaintiff's motion to impound. *See* Docket Entry of March 30, 2012.  The document in question, *i.e.,* Exhibit 3, was filed under seal. *See* Docket No. 41 ("Document").  The parties characterized the Document as the Worcester Bureau of Professional Affairs investigation into a complaint filed by the Plaintiff regarding the circumstances of his arrest and injury. *See Transcript of Mot. Hearing, August 28, 2013 ("Tr."),* at pp. 4-6.

On April 13, 2012, the Defendants filed a motion to quash the deposition subpoena for Lieutenant Jane McGrath. *See Defs' Emergency Mot. To Quash Depos. Subpoena of Lt. Jane McGrath* (Docket No. 40).  Plaintiff filed his opposition on May 1, 2012, together with a motion to seal Exhibits 1-3 thereto.  Plaintiff stated that the documents consisted of deposition transcripts, which he believed were not subject to the Protective Order, but in abundance of caution, was requesting that they be filed under seal until such time as the Court has an opportunity to rule on whether they should be kept confidential, in whole or in part. *See Pl's Mot. To Impound Exhibit To Be Filed In Sup. Of His Opp. To Defs' Emergency Mot. To Quash*

*The Deposition Subpoena Of Lt. Jane McGrath* (Docket No. 44). Plaintiff made no provision for custody should the Court determine impoundment should continue. *Id.* The documents in question constituting Exhibits 1-3, were filed under seal. *See* Docket No. 45. No objection has been made to releasing the documents contained in Docket No. 45 to the public file.[3]

### Discussion

"The presumption that the public has a right to see and copy judicial records attaches to those documents which properly come before the court in the course of an adjudicatory proceeding and which are relevant to the adjudication. That presumption, so basic to the maintenance of a fair and open judicial system and to fulfilling the public's right to know, cannot be easily overcome." *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412-13 (1st Cir. 1987). Thus, "[d]ecisions on the sealing of judicial documents require a balancing of interests, although the scales tilt decidedly toward transparency. The starting point must always be the common-law presumption in favor of public access to judicial records [because] '[p]ublic access to judicial records and documents allows the citizenry to 'monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system.' ' " The presumption favoring public access … is not inviolate, and may on some occasions be overcome by competing interests. That said, 'the presumption is nonetheless strong and sturdy,' and thus ' "[o]nly the most compelling reasons can justify non-disclosure of judicial records." ' " *National Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011) *cert. denied,* 132 S. Ct. 1635 (U.S. 2012)(internal citations and citations to quoted cases omitted).

---

[3] The documents which constitute Exhibits 1-3 are deposition transcripts which contain information which must be redacted, such as personal identifiers and financial information; the personal identifiers and/or financial information are currently highlighted rather than redacted. The Court will not release the contents of Exhibit 45 to the public file until the Plaintiff has provided the Court with copies of the documents with all necessary information properly redacted.

At the same time, during the discovery stage, the public's right of access is diminished because "[p]ublic access to the discovery process [does not] play a significant role in the administration of justice." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 12 (1st Cir. 1986). Furthermore, " 'privacy rights of participants and third parties[ ] are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records,' " *McKee*, 649 F.3d at 72 (citation to quoted case omitted). [4]

*Protective Orders Generally*

Protective orders may be issued by the court in accordance with Rule 26(c), if the parties have made a good faith attempt to resolve the dispute without court action and the party from whom discovery is sought provides "good cause." *Fed. R. Civ. Pro.* 26(c)(1). The purpose of these orders is to protect the party from whom discovery is sought from the possibility of annoyance and embarrassment and to limit the scope of certain discovery. *Id.* at (c)(1)(D). In overseeing the parties' crafting of these orders, the trial judge has both a great discretion in administering the orders and defining their scope. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984). Additionally, the trial judge will be given wide deference in the design and administration of such orders. *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988).

The standard of "good cause" may be applied specifically to some documents in order to request their confidentiality or it may be applied to a whole series or type of document. *Id*. In cases where a whole series or wide range of document type is requested to be protected, the court

---

[4] Both parties focus their arguments on the whether the Protective Order bars disclosure of the Document, as opposed to the public's right to access court documents-- to be fair, the Plaintiff makes a vague reference to the public's right of access, but unfortunately, does not provide a developed, coherent argument in that regard. For this reason, the Court will first examine whether the Documents was subject to the Protective Order and if so, whether the *parties'* thereto are required to keep it confidential. The Court will then determine whether there is a public right of access which requires that the impoundment of the Document be lifted regardless of the parties' respective interests.

may later find a need to modify or vacate the original protective order based upon changed conditions or future developments. *Id*. Additionally, the "good cause" standard is still required in cases where the parties have stipulated or created their own protective orders. *United States. v. Bulger*, 283 F.R.D. 46, 52 (D.Mass. 2012).

*The Protective Order In This Case; Whether The Document In Question Is Covered Thereby*

In the Protective Order, the parties acknowledged a conflict existed regarding the disclosure of certain documents during the course of discovery which necessitated them entering into a protective order. *See Protective Order*, at p. 1 n.1. The Protective Order was characterized as "an attempt to deal with the differences of legal opinion that exist…and proceed with further discovery." *Id.* Judge Saylor granted the parties' joint motion to approve the Protective Order. *See* Docket No. 18. The Court will assume, based on the parties' request for the entry of said order and their joint representation in support of that request, that Judge Saylor found that they had established good cause and therefore, he approved and issued the Protective Order in accordance with Rule 26(c).

The Document in question was clearly subject to the Protective Order. Specifically, it was marked "confidential" and fell within the types of documents specified to be covered by the Protective Order, namely, internal affairs investigative reports. *See supra*, pp. 2-3. The express terms of the Protective Order provide that: "Plaintiff shall not disclose any documents or confidential information subject to this Protective Order and the documents and confidential information contained therein shall not be used for any purpose other than in connection with the preparation for trial and litigation of this case." *Id*., at p. 3. Plaintiff opposes continued impoundment of the Document, however, he has failed to establish why he should not continue to be subject to the terms of the Protective Order to which he agreed—that is, he has failed to

establish good cause for modifying the Protective Order to permit him to release the Document to the public. The question thus becomes whether the public has in interest in the disclosure of the Document. For the reasons set forth below, I find that they do not.

*Balancing the Competing Interests*

The Document was provided to the Plaintiff with the understanding that it would be kept confidential. Plaintiff filed the Document with the Court under seal, thus acknowledging the confidential nature of the information contained therein. The Document was filed in connection with a discovery dispute, *i.e.,* Plaintiff filed it in support of his opposition to an emergency motion to squash a subpoena issued to a non-party Worcester Police Officer. Furthermore, there is private information in the Document, including information involving third parties not involved in the lawsuit. Given the type of information contained in the Document and the fact that it was filed with the Court in connection with a discovery dispute, the Court finds that the public's right of access is diminished. Therefore, the Court finds that the Defendants have established the existence of special circumstances which overcomes the presumption of public access. *A fortiori*, the Defendants have established good cause under LR, D.Mass. 7.2 for continuing impoundment of Exhibit 41. Accordingly, Defendants' motion to continue impoundment is *allowed*.

## Conclusion

Defendants' Motion To Continue Impoundment, Destroy Or Transfer To Defendants Custody Of Document No. 41  (Docket No. 104 ) is ***allowed***. The documents constituting Exhibit 41 shall be destroyed by the Clerk's Office any time after January 27, 2014.

The documents constituting Exhibit 45 shall remain impounded until such time as Plaintiff has filed redacted versions of the same.  *See* footnote 3, *supra*, at p. 5.

/s/ *Timothy S. Hillman*_____
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT COURT**